# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00709-CV

**Bradley Case, Appellant**

**v.**

**Allison & Ward, L.L.P., and Aaron Allison, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-10-002263, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Bradley Case appeals the trial court's grant of summary judgment in favor

of appellees Allison & Ward, L.L.P., and Aaron Allison (collectively "the Allison Defendants").

Case sued the Allison Defendants for malpractice and breach of fiduciary duty based on their legal

representation of Case in a previous employment dispute. Following some discovery, the Allison

Defendants filed a motion for summary judgment, which the trial court granted. On appeal, Case

asserts that the trial court erred in (1) granting summary judgment in favor of the Allison Defendants

and (2) failing to rule on Case's motion to enlarge the time in a scheduling order during which he

could amend his petition. We will affirm the judgment of the trial court.

## BACKGROUND

Case previously worked as a machinist for One Source Manufacturing Technology,

L.L.C. ("One Source"). Case asserts that on May 28, 2008, he was injured while on One Source's

property, and as a result of that injury he became "incapacitated and disabled." Case hired the Allison Defendants to represent him in his dispute with One Source concerning this alleged injury.[1] One month after the alleged injury, One Source terminated Case for failing to return to work. Nearly two years later, Case filed this underlying suit against the Allison Defendants.

In his original petition, Case asserts the following facts:

> In 2008, [Case] retained [the Allison Defendants] to represent him in asserting complaints for his disabilities incurred in his former employment and to seek unemployment benefits for his unlawful termination, as well as, for discriminatory practices, due to [Case's] age. In the course of the legal representation, [the Allison Defendants] failed to present adequately and properly to the Texas Workforce Commission [("TWC")] personal records and data relating to [Case], which personal records and data were essential to his disability claims . . . . [Case] initially obtained benefits, but due solely to [the Allison Defendants's] negligence lost those benefits and was required to repay the [TWC] thousands of dollars . . . .

Based on these alleged facts, Case's original petition asserts that the Allison Defendants (1) committed malpractice by negligently representing his unemployment and disability claims to TWC and (2) breached their fiduciary duty to Case when they "fraudulently concealed" why the TWC had denied his unemployment and disability claims.

The Allison Defendants filed an original answer with a general denial to Case's claims. The parties entered into an "Agreed Docket Control Order," which was approved by the trial

---

[1] In his original petition, Case asserts that he hired the Allison Defendants to represent him before the Texas Workforce Commission for unemployment and disability claims. However, as we will explain, it appears clear from the record that Case actually retained the Allison Defendants to represent him in discussions with One Source concerning a potential personal-injury claim.

court. Under this order, any party seeking affirmative relief was required to designate its testifying experts no later than July 5, 2011. The order also required all parties seeking affirmative relief to file any amended or supplemental pleadings no later than September 6, 2011.

On August 8, 2011, the Allison Defendants filed their motion for traditional and no-evidence summary judgment. In their summary-judgment motion, the Allison Defendants asserted that Case's petition fails because the Allison Defendants never represented Case in his claims before the TWC, but rather briefly represented Case in his dispute with One Source. In addition, the Allison Defendants argued that summary judgment should be granted because (1) Case's breach-of-fiduciary-duty claim is a "fractured" legal-malpractice claim and (2) Case failed to designate an expert witness to establish the elements of his legal-malpractice claims.[2]

Case filed a response to the Allison Defendants' motion for summary judgment. In his response and supporting affidavit, Case alleged for the first time that Allison (1) failed to complete the necessary paperwork from One Source so that Case could receive insurance benefits, (2) failed to notify Case that One Source would terminate Case's employment if he did not return to work, and (3) was not candid with Case about why Case lost his job and insurance benefits.[3] Based on these alleged facts, Case asserted that he has a valid and distinct breach-of-fiduciary-duty claim and that the negligence underlying his legal-malpractice claim is so obvious that it could be established without the need for expert testimony. However, Case did not amend his original

_____

[2] In support of their summary-judgment motion, the Allison Defendants attached a copy of the docket-control order and an affidavit from their attorney stating that Case had not designated an expert witness "concerning any of the elements of his legal malpractice claim."

[3] Neither Case's response nor the supporting affidavit discuss or even reference any proceedings with the TWC.

3

petition to incorporate these alleged facts or injuries prior to the deadline established in the docket-control order.

The trial court conducted a hearing on the Allison Defendants' motion for summary judgment on September 15, 2011. Three days later, Case filed a "Motion to Enlarge the Time in the Scheduling Order and for Leave of Court to File an Amended Pleading." In this motion, Case stated that his "counsel mis-pleaded the underlying facts" of the case, which he did not realize until after the summary-judgment hearing. The motion requested that the trial court extend the deadline for amending his petition so that he could incorporate the facts and injuries alleged in his response to the motion for summary judgment. The trial court did not rule on Case's motion and subsequently granted the Allison Defendants' motion for traditional and no-evidence summary judgment. This appeal followed.

## DISCUSSION

Case raises two issues on appeal. First, he claims that the trial court erred in granting summary judgment in favor of the Allison Defendants because his proposed amended petition contains viable legal-malpractice and breach-of-fiduciary-duty claims. Second, Case argues that the trial court abused its discretion in failing to rule on his motion to enlarge the docket-control order so that he could amend his petition. For the sake of convenience, we will address Case's second issue first.

**Motion to enlarge the docket-control order**

In his second appellate issue, Case asserts that the trial court erred in failing to rule on his motion to enlarge the deadlines in the docket-control order and for leave to amend his

petition. The record does not show that Case presented the motion to the trial court, obtained a ruling on his motion, or complained about the trial court's failure to rule on the motion. Therefore, Case has not preserved this complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1), (2). We overrule Case's second issue on appeal.

**Summary judgment**

In his first appellate issue, Case argues that the trial court erred in granting the Allison Defendants' motion for traditional and no-evidence summary judgment. Case asserts that the Allison Defendants were not entitled to summary judgment because (1) Allison's alleged actions and omissions while representing Case in his personal-injury dispute with One Source were so clearly negligent that legal malpractice could be established without expert testimony and (2) Allison's alleged failure to be candid with Case about why he lost his job was a breach of fiduciary duty that does not constitute a "fractured" legal-malpractice claim. Case does not argue that summary judgment was inappropriate as to his initial claim—the only one contained in his original petition—that Allison negligently represented Case's employment claims to the TWC.

The fundamental problem with Case's argument is that it presumes that the trial court considered the theories contained in his proposed amended petition when ruling on the Allison Defendants' motion for summary judgment. We cannot make that presumption here.

Generally, a trial court must render summary judgment based on the pleadings on file at the time of the summary-judgment hearing. *See* Tex. R. Civ. P. 166a(c). A party may file amended pleadings more than seven days before a summary-judgment hearing without leave of the court, but must obtain leave from the court to file amended pleadings within seven days of

5

the hearing or thereafter. *See id.* If a party files amended pleadings within seven days *before* a summary judgment hearing, an appellate court will presume that the trial court granted leave to amend when the summary judgment states that all pleadings were considered, the record does not indicate that an amended pleading was not considered, and the opposing party does not show surprise. *See Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276 (Tex. 1996); *Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 778 (Tex. App.—Houston [1st Dist.] 2009, no pet.). However, "[u]nlike amended pleadings filed within seven days before the summary judgment hearing, there is no presumption that leave was granted when amended pleadings were filed *after the summary judgment hearing.*" *Mensa-Wilmot*, 312 S.W.3d at 778; *see also Clark v. City of Tyler*, No. 12-08-00458-CV, 2010 WL 3431163, at *2 (Tex. App.—Tyler Sept. 1, 2010, no pet.) (mem. op.) ("We do not consider an amended pleading filed without the court's permission after the summary judgment hearing.").

The record indicates that Case attached his proposed amended petition to his motion to enlarge the docket control order, which was filed three days after the trial court conducted a hearing on the summary-judgment motion. As we have discussed, there is nothing in the record to indicate that Case brought his motion to enlarge the docket-control order to the trial court's attention or that he requested or obtained a ruling on that motion. Furthermore, the trial court's order granting summary judgment does not indicate that the court considered Case's amended petition. Therefore, we do not presume that the trial court granted Case leave to amend his petition, and thus we do not consider the theories contained in the proposed amended petition on appeal. *Mensa-Wilmot*, 312 S.W.3d at 778–79.

6

The Allison Defendants' motion for summary judgment asserts that there is no evidence to support Case's claims that Allison was negligent or breached any fiduciary duty while representing Case before the TWC. In his response, Case did not submit any evidence that would support such a claim. Because Case does not challenge the trial court's grant of summary judgment on the legal theories and facts alleged in his original petition, which was his live pleading at the summary-judgment hearing, we cannot conclude that the trial court erred in granting summary judgment. We overrule Case's first issue on appeal.

## CONCLUSION

Having overruled Case's two issues on appeal, we affirm the trial court's grant of summary judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: March 22, 2013

7